# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | |
|---|---|
| **KIM CAMILLE FLORENCE,** : | |
| : | |
| Petitioner, : | |
| : | |
| V. : | |
| : | NO. 4:23-cv-00125-CDL-MSH |
| **Sheriff GREG COUNTRYMAN,** : | |
| : | |
| Respondent. : | |
| : | |

## ORDER & RECOMMENDATION

In this case, Petitioner Kim Camille Florence, a pretrial detainee currently being held in the Muscogee County Jail in Columbus, Georgia, filed two *pro se* habeas corpus petitions pursuant to 28 U.S.C. § 2241.[1]  Pet. for Writ of Habeas Corpus., ECF No. 1; Second Petition for Writ of Habeas Corpus, ECF No. 5.  Petitioner also filed a motion for leave to proceed *in forma pauperis* (ECF No. 2), which was denied.  Order, ECF No. 7.  Since that order was entered, Petitioner has paid the filing fee and filed two new motions for leave to proceed in this action *in forma pauperis* (ECF Nos. 9 & 11), a motion for emergency injunctive relief (ECF No. 10), a supplement to her writ petitions (ECF No. 12), two notices (ECF Nos. 8 & 13), a motion for a hearing (ECF No. 14), and a motion for a hearing and writ of immediate release (ECF No. 15).  These filings are addressed in turn below.

---

[1] Although the initial petition was filed on a 28 U.S.C. § 2254 form and the second petition was not on a habeas corpus form, it appears that the petition is properly considered under § 2241 insofar as Petitioner has not yet been convicted or sentenced.

I.     <u>Motions to Proceed *In Forma Pauperis*</u>

As noted above, Petitioner's previous motion to proceed *in forma pauperis* was denied, and Petitioner subsequently paid the $5.00 filing fee for this case. Therefore, her new motions to proceed *in forma pauperis* (ECF Nos. 9 & 11) are **DENIED AS MOOT**.

II.     <u>Order to Consolidate</u>

With regard to the writ petitions, supplement, and notices, Petitioner has submitted lengthy and rambling filings that do not clearly and concisely state the claims that she wants the Court to consider. In this regard, Petitioner's initial writ petition was fifteen pages with two eleven-page addendums. Pet. for Writ of Habeas Corpus, ECF No. 1. Her second petition was not on the form for a habeas petition, instead consisting of six pages of blocks of text relating to her arrest and pending state court charges. Second Pet. for Writ of Habeas Corpus, ECF No. 5. The first notice, which is another twelve pages long, appears to be focused somewhat on Petitioner's claim that she was unable to pay the filing fee, but it also reiterates some of Petitioner's arguments regarding the legality of her detention. Notice of Filing Statement, ECF No. 8. Petitioner's supplement adds another forty-six pages including attachments on which Petitioner has made various notations. Suppl., ECF No. 12. And Petitioner's second notice includes another twelve pages of arguments in regard to her claims. Notice of Filing, ECF NO. 13.

Rather than clearly and concisely setting forth the grounds on which Petitioner believes she is entitled to relief, these filings are rambling, disjointed, and repetitive, setting out the same allegations and arguments over many pages through many separate filings. Moreover, although it is clear that Petitioner is seeking release from jail, the length and

2

number of these filings borders on abusive, and interpreting these various filings is difficult, if not impossible.  As a result, Petitioner must recast her petition as set forth below in order to allow this Court to consider her claims.

Notably, a district court has authority to manage its docket to expeditiously resolve cases.  *Equity Lifestyle Props, Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009).  In that interest, Petitioner is now **ORDERED** to recast her petition to consolidate her claims into a single filing.  In doing so, Petitioner is to use the 28 U.S.C. § 2241 form.  Petitioner must answer the questions on the form clearly and concisely, including setting forth her claims and explaining any steps that Petitioner has taken to exhaust these claims in state court.  Petitioner is not to use more than ten additional pages to set forth her claims, and she is not to include any attachments or exhibits with her petition.  Petitioner also may not continue to file repetitive motions, supplements, and notices to add to her claims.  Petitioner's recast petition will supersede and take the place of the original petitions and other notices and supplements Petitioner has filed regarding her claims, such that the Court will not look back to these documents in determining whether Petitioner is entitled to relief.  Petitioner shall have **FOURTEEN (14) DAYS** from the date of this order to file her recast petition.  Petitioner's failure to follow the instructions in this order may result in the dismissal of this petition.

III.   Motions for Injunctive Relief

As noted above, Petitioner has also filed a motion for injunctive relief and two similar motions.  Petitioner's motion for emergency injunctive relief is another thirty-eight pages of rambling allegations and arguments seeking writ relief on an emergency

3

basis. Mot. for Emergency Injunctive Relief, ECF No. 10. In this motion, Petitioner asserts that she is being illegally detained, that she has had threats of violence against her, that she has been deprived of a vegan and kosher diet, and that incarceration is hurting her financial and educational opportunities. *See generally id.*

Similarly, Petitioner's demand for an emergency bond hearing is another seven pages in which she reiterates claims that she has been falsely imprisoned and has not been before a judge for an extended period of time, then goes on to assert, among other things, that her life is in danger and that she is owed money for property that was damaged. Mot. for Hearing, ECF No. 14. Petitioner has added twenty-two pages of attachments to this motion. *See id.* Finally, Petitioner's most recent motion adds four more pages seeking a hearing and immediate release. Mot. for Hearing, ECF No. 15.

A temporary restraining order ("TRO") or preliminary injunction is a drastic remedy used primarily to preserve the status quo rather than to grant most or all of the substantive relief sought in the complaint. *See, e.g., Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983); *Fernandez-Roque v. Smith*, 671 F.2d 426, 429 (11th Cir. 1982).[2] Factors a movant must show to be entitled to a TRO include: "(1) a substantial likelihood of ultimate success on the merits; (2) the TRO is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the TRO would inflict on the non-movant; and (4) the TRO would serve the public interest." *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995) (per

---

[2] The standard for obtaining a TRO is the same as the standard for obtaining a preliminary injunction. *See Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001) (per curiam); *Windsor v. United States*, 379 F. App'x 912, 916-17 (11th Cir. 2010) (per curiam).

curiam).

At this stage, these motions largely reiterate arguments and allegations Petitioner made in her petition and other filings, and at this juncture, the facts have not been sufficiently developed to conclude that there is a substantial likelihood that Petitioner will ultimately prevail on the merits. Respondent should also be afforded an opportunity to respond to Petitioner's allegations, and any claims for injunctive relief can be addressed as this case proceeds. Petitioner may also include any of the grounds for relief she has included in his motions for injunctive relief in her recast petition. Thus, it is **RECOMMENDED** that these motions be **DENIED**.

IV.   Conclusion

Therefore, as set forth above, Petitioner's new motions for leave to proceed *in forma pauperis* are **DENIED AS MOOT**. Additionally, Petitioner is **ORDERED** to recast her habeas corpus petition on the proper form within **FOURTEEN (14) DAYS** from the date of this order consistent with the instructions herein. It is also **RECOMMENDED** that Petitioner's pending motions for preliminary injunctive relief (ECF Nos. 10, 14, & 15) be **DENIED**.

Petitioner is cautioned that, while this action is pending, she must immediately inform the Court in writing as to any change in her mailing address. Petitioner's failure to fully and timely comply with this order may result in the dismissal of this action. The **CLERK** is **DIRECTED** to forward Petitioner a blank 28 U.S.C. § 2241 form along with her service copy of this order (with the civil action number showing on both). There shall be no service in this case pending further order of the Court.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this order and recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this order and recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Any objection is limited in length to **TWENTY (20) PAGES**. *See* M.D. Ga. L.R. 7.4. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

**SO ORDERED and RECOMMENDED**, this 4th day of October, 2023.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE