IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| **KIM CAMILLE FLORENCE,** | : | |
| Petitioner, | : | |
| V. | : | NO. 4:23-cv-00125-CDL-MSH |
| **Sheriff GREG COUNTRYMAN,** | : | |
| Respondent. | : | |

## ORDER

Pending before this Court are Petitioner Kim Camille Florence's motions for leave to appeal *in forma pauperis*. Mot. for Leave to Appeal *In Forma Pauperis*, ECF Nos. 26 & 29. Petitioner seeks to appeal this Court's order (ECF No. 21) adopting the United States Magistrate Judge's recommendation (ECF No. 16) that Petitioner's motions for injunctive relief (ECF Nos. 10, 14, & 15) be denied. *See* Notice of Appeal 3, ECF No. 25.

Under 28 U.S.C. § 1291, the Eleventh Circuit generally has jurisdiction only over final orders. The order adopting the Magistrate Judge's recommendation is not a final order, but there are limited exceptions to § 1291 that allow review of interlocutory orders. One such exception is found in 28 U.S.C. § 1292(a)(1), which allows for review of an interlocutory order granting or refusing to grant an injunction.

Additionally, in the context of a 28 U.S.C. § 2255 case, the Court of Appeals for the Eleventh Circuit has held that it has jurisdiction under the collateral order doctrine to consider an interlocutory order denying bond pending resolution of the petitioner's motion

for post-conviction relief. *See Pagan v. United States*, 353 F.3d 1343, 1344 (11th Cir. 2003). In this case, Petitioner's request for immediate release pending resolution of her petition may be considered analogous to the bond order sought in *Pagan*. Thus, it appears likely that the Eleventh Circuit has jurisdiction over the subject matter of this appeal, either under 28 U.S.C. § 1292(a)(1) or based on the reasoning of *Pagan*.

An additional jurisdictional prerequisite to the Eleventh Circuit's exercise of jurisdiction, however, is a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A); *see also Pagan*, 353 F.3d at 1344-45 (concluding that a certificate of appealability was necessary to appeal an interlocutory order denying a bond pending resolution of a motion for post-conviction relief). This Court will construe Petitioner's notice of appeal as including a request for a certificate of appealability. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Eleventh Circuit has held that a person seeking release pending the resolution of a habeas corpus petition may be granted bail if she can demonstrate "a likelihood of success on the merits of a substantial constitutional claim," and "extraordinary and exceptional circumstances . . . which make the grant of bail necessary to preserve the effectiveness of the habeas corpus relief sought. *Gomez v. United States*, 899 F.2d 1124, 1125 (11th Cir. 1990). When considering Petitioner's motions, the Magistrate Judge found that Petitioner's allegations had not been sufficiently developed to conclude that there was a substantial probability that Petitioner would ultimately succeed on the merits of her claims. R. & R. 5, ECF No. 16. For this reason, the Magistrate Judge

recommended denying Petitioner's motions seeking her immediate release. *Id.* Noting that no objections had been filed and finding no clear error in the Magistrate Judge's reasoning, this Court adopted the Magistrate Judge's recommendation and denied those motions. Order, ECF No. 21.

Petitioner asserts in her notice of appeal that this Court falsely stated that no objections had been received. Notice of Appeal 3, ECF No. 25. Between the entry of the Magistrate Judge's recommendation that Petitioner's motions be denied and this Court's order adopting that motion, Petitioner filed several motions and a recast petition. Mot. for Hearing, ECF No. 17; Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 18; Mot. for Recusal, ECF No. 19; Recast Petition, ECF No. 20. On page 9 of the document Petitioner labeled as a "Recast Memorandum," Petitioner included a section she headed "Motions With Objections." *See* Mot. for Recusal 9, ECF No. 19. It appears that Petitioner may be referring to this section when she states that the Court did receive objections from her.

In that section, however, Petitioner did not include any actual objections to the recommendation relating to her injunctive relief motions. *See id.* Instead, she moved for the Magistrate Judge to be recused from this case on the grounds that he is "too biased, too partial, and abusing discretion in an attempt to delay order for writ of release."[1] *Id.*

---

[1] To the extent that Petitioner has stated that she does not consent to the Magistrate Judge presiding over portions of this case, the referral of certain matters to the Magistrate Judge under 28 U.S.C. § 636(a) does not require Petitioner's consent, and the Magistrate Judge has not taken any actions that would require the consent of the parties. Moreover, Petitioner makes only broad and generic allegations of bias, which do not demonstrate that recusal is appropriate in this case. Thus, to the extent that Petitioner seeks an order

Petitioner then went on to list orders that she apparently wanted the Court to enter, including a restraining order against the respondents and an order requiring her immediate release. *Id.* at 9-10.

Regardless, as the Magistrate Judge found, at this stage of the proceeding, Petitioner has not demonstrated a likelihood of success of the merits of a constitutional claim. She also has not established extraordinary or exceptional circumstances necessary for the Court to order her released pending resolution of her habeas petition. As Petitioner has not made a substantial showing of the denial of a constitutional right, her construed request for a certificate of appealability is **DENIED**.[2] And in light of this denial, her request for leave to appeal *in forma pauperis* is also **DENIED AS MOOT**.

**SO ORDERED**, this 27th day of December, 2023.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

requiring the Magistrate Judge to recuse himself, that motion is **DENIED**.

[2]Petitioner's pending motions have been referred to the Magistrate Judge for consideration along with the preliminary review of Petitioner's pending habeas corpus petition. Thus, this order does not address those matters.