IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| KIM CAMILLE FLORENCE, | : |
| Petitioner, | : |
| v. | : Case No. 4:23-cv-125-CDL-AGH |
| Sheriff GREG COUNTRYMAN, | : |
| Respondent. | : |

## ORDER AND RECOMMENDATION

Petitioner Kim Camille Florence filed an application for habeas corpus relief under 28 U.S.C. § 2254 (ECF No. 1). Pending before the Court is Respondent Sheriff Greg Countryman's motion to dismiss (ECF No. 41) and several motions filed by Petitioner (ECF Nos. 50, 51, 57, 62, 64, 66, 68). For the reasons stated below, the Court grants two of Petitioner's motions, and it is recommended that Respondent's motion be granted, Petitioner's habeas application be dismissed, and that the remainder of Petitioner's motions be denied.

## BACKGROUND

Petitioner asserts in her recast petition—the operative petition in this matter—that she is a pretrial detainee at the Muscogee County Jail ("MCJ") in Columbus, Georgia. Recast Pet. 1, ECF No. 23. According to her recast petition, she arrived at the Muscogee County, Georgia, courthouse lobby on May 24, 2023, for a hearing and was arrested for an alleged failure to appear. *Id.* at 3. Petitioner asserts as her grounds for relief that she has been falsely imprisoned (Ground One), she has

been subjected to prosecutorial misconduct and malicious prosecution (Ground Two), there has been a lack of prosecution (Ground Three), and there are no witnesses to corroborate the State's case in other criminal matters (Ground Four). *Id.* at 7-8.

The Court received Petitioner's initial habeas petition on June 27, 2023 (ECF No. 1). On November 20, 2023, Petitioner filed an appeal to the United States Court of Appeals for the Eleventh Circuit (ECF No. 25) of the District Judge's denial (ECF No. 21) of her motion for emergency injunctive relief seeking immediate release from custody (ECF No. 10). On July 31, 2024, a judge of the Eleventh Circuit denied Petitioner's November 20, 2023, appeal (ECF No. 56).

On January 9, 2024, the Court ordered (ECF No. 34) Respondent to file a response to Petitioner's recast petition (ECF No. 23). Respondent timely answered (ECF No. 40), and on March 22, 2024, he filed a motion to dismiss for failure to exhaust and, in the alternative, based on the *Younger* abstention doctrine (ECF No. 41). Because Petitioner is proceeding *pro se*, the Court notified her of her obligation to respond to the motion to dismiss and advised her that failure to respond and rebut Respondent's arguments could result in the Court accepting the arguments as true, and judgment could be granted to Respondent (ECF No. 42).

On April 4, 2024, Petitioner again filed an interlocutory appeal to the Eleventh Circuit (ECF No. 46), which was dismissed by that court on May 16, 2024 (ECF No. 49). On September 24, 2024, the Court noted that Petitioner's May 28, 2024 "response" (ECF No. 50) indicated that Petitioner had not received Respondent's motion to dismiss, and it directed Respondent to re-serve a copy of the motion to

dismiss on Petitioner (ECF No. 58). Notably, the Court explicitly advised Petitioner that "she should specifically address, as concisely as possible, Respondent's arguments that [she] failed to exhaust her state remedies, and that the relief [she] seeks is barred pursuant to *Younger*[.]" Order 2, Sept. 24, 2024, ECF No. 58. The Court emphasized to Petitioner that "those two issues are the only issues before the Court at this stage of the proceedings." *Id.* The Court reassured Petitioner that, if Respondent's motion to dismiss was denied, she would "have an opportunity to make [her] arguments regarding the merits of her habeas application." *Id.* In apparent response to the Court's direction, Petitioner filed several responses (ECF Nos. 61, 63, 65). Respondent's motion is now ripe for review.

## DISCUSSION

Respondent contends Petitioner's habeas petition should be dismissed because Petitioner "failed to exhaust available state remedies challenging her confinement by presenting her claims to the state habeas court" and because the relief Petitioner seeks is "barred pursuant to *Younger v. Harris*, 401 U.S. 37 (1971)" as related to a pending criminal matter. Mot. to Dismiss 1, ECF No. 41. The Court agrees that dismissal is warranted under *Younger* as discussed below.

I.   *Younger* **Abstention**

In *Younger*, the United States Supreme Court explained that federal courts must refrain from intervening with pending state criminal proceedings when the petitioner has an adequate remedy at law and will not suffer irreparable injury. 401 U.S. at 43-44, 53. Abstention pursuant to *Younger* is required where (1) state

3

judicial proceedings are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford an adequate opportunity to raise the constitutional issue. *See, e.g.*, *Newsome v. Broward Cnty. Pub. Defs.*, 304 F. App'x 814, 816 (11th Cir. 2008) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). "When a petitioner seeks federal habeas relief prior to a pending state criminal trial[,] the petitioner must satisfy the *Younger* abstention hurdles before the federal courts can grant such relief." *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1262 (11th Cir. 2004) (internal quotation marks omitted). Petitioner has not cleared these hurdles.

Petitioner impliedly concedes that her state criminal proceedings remain pending, because she asserts that she has not seen a judge and remains detained without bail.[1] Each of Petitioner's grounds for relief concerns those currently pending state criminal charges. Thus, any decision by this Court regarding the issues raised by Petitioner would substantially interfere with, and possibly undermine, the decisions reached by the state court in those proceedings. *See Newsome*, 304 F. App'x at 816 (noting that the relevant inquiry with respect to the first *Middlesex* factor is "whether the federal proceeding will interfere with an ongoing state court proceeding" (internal quotation marks omitted)); *see also Watson v. Fla. Jud. Qualifications Comm'n*, 618 F. App'x 487, 490 (11th Cir. 2015) ("The plaintiff's requested relief can interfere with the state proceeding if it would disrupt the normal course of action in

---

[1] A public records search confirmed that Petitioner had multiple criminal matters pending during the relevant time period.

4

the state proceeding, even if the relief sought would not terminate the ongoing proceeding.").

The pending criminal proceedings also implicate the state's important interest in prosecuting those who have allegedly violated its criminal laws. *See, e.g*, *Juidice v. Vail*, 430 U.S. 327, 335 (1977) (recognizing the pertinent state interest in the enforcement of its laws). Finally, Petitioner fails to demonstrate that the state proceeding will not provide her with an adequate opportunity to raise the claims asserted within her petition. *See Watson*, 618 F. App'x at 490 (noting that federal courts should assume that state procedures provide an adequate remedy absent "unambiguous authority to the contrary") (quoting *31 Foster Child. v. Bush*, 329 F.3d 1255, 1279 (11th Cir. 2003) (internal quotation marks omitted)). Each of Petitioner's claims are the kind that can be asserted at the state level. *See, e.g.*, Resp't's Resp. Ex. 1, ECF No. 60-1.[2]

Further, Petitioner fails to show that an exception to the *Younger* abstention doctrine applies. *Younger* abstention may not be required where "(1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised." *Hughes*, 377 F.3d at 1263 n.6. First, while Petitioner argues she is being prosecuted in bad faith, she has presented no <u>evidence</u> that her prosecution in state court is motivated by bad faith. Second, she has not shown that there is a threat of

---

[2] Respondent's Exhibit 1 is the brief of the Clerk of Superior Court of Muscogee County, Georgia, which was filed in response to the Supreme Court of Georgia's order for briefing on the same claims that Petitioner raises in this federal habeas application.

irreparable harm if this Court fails to intervene in the state proceedings. The fact that she must endure a state criminal prosecution does not demonstrate irreparable harm. *See Younger*, 401 U.S. at 46. Third, as discussed above, Petitioner has an adequate state forum in which to raise constitutional issues, including her desire for a speedy trial. *See Hardeman v. State*, 280 Ga. App. 168, 168 (Ga. Ct. App. 2006) (reversing trial court's refusal to dismiss an indictment based on the violation of a defendant's constitutional right to a speedy trial). Accordingly, this Court must abstain from reviewing Petitioner's application for habeas relief under *Younger*, and Respondent's motion to dismiss should be granted.[3]

## II.     Petitioner's Motions

Petitioner also filed six motions seeking various forms of relief: (1) for a hearing, transportation to said hearing, a protective order, and leave to supplement her response brief to Respondent's motion to dismiss (ECF No. 50); (2) for reinstatement of her interlocutory appeals, and for a hearing (ECF No. 51); (3) for final judgment, which the Court interprets as seeking judgment on the pleadings, and for a hearing (ECF No. 57); (4) for a hearing, transportation to the hearing, and to accept Petitioner's mailings as responses to the motion to dismiss (ECF No. 62); (5) to "correct" this action from a civil action to criminal action, to hold others in contempt, and for a hearing (ECF No. 64); and (6)-(7) two additional motions for a hearing (ECF Nos. 66, 68). Petitioner's motions to supplement and to accept her

---

[3] Because the Court recommends dismissal based on *Younger*, the Court declines to address Respondent's exhaustion argument.

mailings as responses to the motion to dismiss are granted,[4] but the Court recommends that the remaining motions be denied as discussed below.

   A.   *Motions for Hearing and Transportation*

Although unclear, Petitioner may be seeking a hearing on Respondent's motion to dismiss. As the Court notified Petitioner, "[u]nder the procedures and policies of this Court, motions to dismiss are normally decided on briefs." Order for Resp. 1, Mar. 25, 2024, ECF No. 42. In this case, the Court had sufficient information before it to determine that Respondent's motion to dismiss should be granted. As a result, no hearing on Respondent's motion to dismiss is necessary. Because the Court has recommended granting the motion to dismiss, it is further recommended that Petitioner's motions for hearing (ECF Nos. 50, 51, 57, 62, 64, 66, 68) be **DENIED**.

To the extent Petitioner seeks a hearing on her habeas application, she is not entitled to such hearing because, as the Court explained to Petitioner, the sole issue before the Court at this time is whether she exhausted her state remedies, and whether the Court should abstain from addressing her claims under the *Younger* doctrine. Order to Re-Serve Mot. to Dismiss 2, Sept. 24, 2024, ECF No. 58. As the Court recommends that Respondent's motion to dismiss be granted, the Court need not hold a hearing on the merits of her habeas application. Thus, it is also recommended that, to the extent Petitioner seeks a hearing on the merits of her

---

[4] Petitioner seeks leave to supplement her response brief to Respondent's motion to dismiss (ECF No. 50). As the Court has considered Petitioner's supplements, the motion for leave to supplement (ECF No. 50) is **GRANTED**. Likewise, because the Court has considered all of Petitioner's filings in its recommendation on the motion to dismiss, Petitioner's motion to accept her mailings as responses to the motion to dismiss (ECF No. 62) is **GRANTED**.

habeas application, those motions (ECF Nos. 50, 51, 57, 62, 64, 66, 68) be **DENIED**. Further, because there will be no hearing at this time, it is recommended that Petitioner's motions seeking transportation (ECF Nos. 50, 62) be **DENIED**.

B. *Protective Order*

Petitioner also seeks a protective order, which the Court interprets as a request for a temporary restraining order (ECF No. 50). A temporary restraining order ("TRO") is a drastic remedy used primarily to preserve the status quo rather than to grant most or all of the substantive relief sought in the complaint. *See, e.g.*, *Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983); *Fernandez-Roque v. Smith*, 671 F.2d 426, 429 (11th Cir. 1982). A movant must show the following to be entitled to a TRO: "(1) a substantial likelihood of ultimate success on the merits; (2) the TRO is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the TRO would inflict on the non-movant; and (4) the TRO would serve the public interest." *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995).

Petitioner does not clearly address these factors in her filings, and at this juncture, the facts have not been sufficiently developed to conclude that there is a substantial likelihood that Petitioner will ultimately prevail on the merits. To the contrary, the Court recommends that her habeas application be dismissed. Petitioner's request for a TRO should be denied for this reason alone.

Additionally, Petitioner seeks relief through the TRO that cannot be granted by this Court. Specifically, Petitioner states that she is "endur[ing] constant harassing and stalking while awaiting" her jury trial. Mot. for Prot. Order 8, ECF

8

No. 50. Even if Petitioner were to ultimately prevail in her habeas claims, this Court has no authority under 28 U.S.C. §§ 2241 or 2254 to order unnamed individuals not before this Court to cease harassing or stalking Petitioner. "The federal courts do not sit to supervise state prisons, the administration of which is acute interest to the States." *Meachum v. Fano*, 427 U.S. 215, 229 (1976). As such, "a federal court must not unnecessarily involve itself in matters of prison administration." *Osterback v. Kemp*, 300 F. Supp. 2d 1238, 1251 (N.D. Fla. 2003) (citation omitted). Therefore, it is recommended that Petitioner's motion for a protective order (ECF No. 50) be **DENIED**.

C.   *Reinstatement of Appeal*

Petitioner seeks, in essence, a rehearing of the Eleventh Circuit's dismissal of her interlocutory appeals in that court's case numbers 23-13902 and 24-11037 (ECF No. 51). Petitioner successfully filed a motion for a rehearing in that court, and the Eleventh Circuit denied it. *See Florence v. Dist. Att'y of Columbus*, No. 24-11037 (11th Cir. 2024) (ECF Nos. 10, 11).[5] This Court has no jurisdiction to reconsider the decision of the Eleventh Circuit or to reinstate an appeal. Consequently, it is recommended that Petitioner's motion for reinstatement of her appeal (ECF No. 51) be **DENIED**.[6]

---

[5] Petitioner's appeal in the Eleventh Circuit's case number 24-11037 involved her claims under 42 U.S.C. § 1983 against a host of officials in Columbus, Georgia, relating to the same issue here: her detention in Muscogee County Jail. *See* Order & R. 9-10, Sept. 20, 2023, ECF No. 16, in *Florence v. Jackson, et al.*, No. 4:23-cv-110-CDL-MSH (M.D. Ga.) ("*Florence I*"). Petitioner also filed a motion to reinstate her appeal in that case and it was denied. *Florence I* Pl.'s Mot. to Reinstate Appeal, ECF No. 32; *Florence I* Order, June 17, 2024, ECF No. 33.

[6] To the extent Petitioner seeks a writ of certiorari, this Court also lacks jurisdiction to review it.

### D. *Judgment on the Pleadings*

Petitioner seeks what the Court interprets as judgment on the pleadings (ECF No. 57). "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Samara v. Taylor*, 38 F.4th 141, 149 (11th Cir. 2022) (quoting *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001)). However, as explained above, the Court recommends that Respondent's motion to dismiss be granted, so the Court does not reach the merits of Petitioner's application. Further, even if the Court did reach the merits of the habeas application, there are material facts in dispute such that Petitioner would not be entitled to judgment as a matter of law. It is thus recommended that Petitioner's motion for final judgment (ECF No. 57) be **DENIED**.

### E. *Hold Others in Contempt*

Petitioner also moves to hold several individuals in contempt that she may have intended to be respondents in this matter (ECF No. 64) because those individuals did not answer the Petition. However, when Petitioner filed her original habeas application, she wrote "N/A" in the caption for a respondent. Pet. 1, ECF No. 1. When a petitioner challenges the validity of physical confinement through a habeas application, "the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). Following this default rule, the Clerk designated the Muscogee County Sheriff as the respondent in this case when the original petition was filed because he functions as

10

the warden of the Muscogee County Jail, where Petitioner alleges she is currently being held. Resp't's Answer 1, ECF No. 40. As such, Respondent—and not other individuals Petitioner later sought to include in this action—is the proper party in this matter, and the other individuals are not before the Court. Consequently, the Court recommends that Petitioner's motion to hold others in contempt (ECF No. 64) be **DENIED**.

### F.   *Correcting from Civil to Criminal*

Finally, Petitioner seeks to have this matter converted to a criminal matter, rather than a civil matter (ECF No. 64). It is unclear to the Court the basis or the potential outcome of Petitioner's request, but the Court assumes that is because the underlying state matter is a criminal proceeding. Habeas proceedings are a hybrid proceeding, in that the habeas petition is a civil proceeding, but "someone's custody, rather than mere civil liability, is at stake." *Anderson v. Singletary*, 111 F.3d 801, 804 (11th Cir. 1997) (quoting *O'Neal v. McAninch*, 513 U.S. 432, 440 (1995)). The practice in this Court is to assign civil case numbers to state habeas applications. Consequently, the Court recommends that Petitioner's motion seeking to convert this matter into a criminal proceeding (ECF No. 64) be **DENIED**.

## Certificate of Appealability

Rule 11(a) of Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only if the applicant makes "a substantial showing of the

denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies a habeas petition on procedural grounds without reaching the merits of the petitioner's application for habeas relief, this standard requires a petitioner to demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner cannot meet this standard and, therefore, a certificate of appealability in this case should be denied.

## CONCLUSION

For the reasons explained above, Petitioner's motions to supplement her response brief to Respondent's motion to dismiss (ECF No. 50) and to accept her mailings as responses to the motion to dismiss (ECF No. 62) are granted. It is also recommended that Respondent's motion to dismiss (ECF No. 41) be granted, Petitioner's recast petition for habeas corpus relief (ECF No. 23) be dismissed, and a certificate of appealability be denied. It is further recommended that Petitioner's motions (1) for a hearing, transportation to said hearing, and a protective order (ECF No. 50); (2) for reinstatement of her interlocutory appeals, and for a hearing (ECF No. 51); (3) for final judgment, which the Court interprets as seeking judgment on the pleadings, and for a hearing (ECF No. 57); (4) for a hearing and transportation to the hearing (ECF No. 62); (5) to "correct" this action from a civil action to criminal action, to hold others in contempt, and for a hearing (ECF No. 64); and (6)-(7) two additional motions for a hearing, only (ECF Nos. 66, 68) be denied.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof.  The district judge shall make a *de novo* determination of those portions of the Recommendation to which objection is made.  All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO ORDERED and RECOMMENDED**, this 30th day of January, 2025.

                                                 s/ *Amelia G. Helmick*
                                                 UNITED STATES MAGISTRATE JUDGE